### LONG v. GULICK.

(Court of Appeals of District of Columbia. Submitted January 10, 1927. Decided February 7, 1927.)

No. 1868.

**Patents ☞91(4)—Evidence held to show senior party to interference proceeding entitled to make claim in issue and to priority.**

Evidence *held* to show senior party to interference proceeding clearly entitled to make the claim in issue, and to priority of invention of piston with split skirt to permit expansion and contraction.

Appeal from Commissioner of Patents.

Interference proceeding between Elmer C. Long, junior party, and Edward J. Gulick, senior party. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

H. H. Knight, of Washington, D. C., for appellant.

R. S. Gehr, of Cleveland, Ohio, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents in an interference proceeding in which priority of invention was awarded to the senior party, Gulick.

The single count in issue reads as follows: "A piston having a head portion with a ring groove therein, a skirt portion having its cylinder engaging part separated from the head portion, separated pin bosses having integral flanges connecting them with the skirt on both sides of the bosses and with the head portion respectively, said skirt being split from top to bottom on one side only of the pin bosses to permit free expansion and contraction of the skirt portion."

The party Long moved to dissolve the interference on the ground that Gulick is not entitled to make the claim. The motion was denied by the Law Examiner, and his ruling was sustained on appeal by the Board of Examiners in Chief and by the Commissioner of Patents.

No testimony was taken in the case, and, Long being the junior party, the only question to be reviewed is Gulick's right to make the claim.

The drawings of Gulick, we think, clearly disclose the structure of the count. It is contended, however, that his structure is not such as will "permit free expansion and contraction of the skirt portion". But the claim expressly covers this objection in the following language: "Said skirt being split from top to bottom on one side only of the pin bosses to permit free expansion and contraction of the skirt portion." We think it clear that the object of the split is to permit of this expansion, and, as held by the Board of Examiners, "under the action of the heat, the circumferential expansion of the skirt would necessarily flex the webs sufficiently to permit the expansion without substantial increase of the diameter of the skirt."

In this view of the case the right of Gulick to make the claim is beyond question. This point being settled, priority on the record goes to the party Gulick as a matter of course.

The decision of the Commissioner is affirmed.